## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **NORTHEAST CONSTRUCTION, INC.,** | : | CASE NO. _5:20-CV-0307 (MAD/TWD)_ |
|  | : |  |
| Plaintiff, | : | JUDGE _____ |
|  | : |  |
| v. | : |  |
|  | : | **COMPLAINT** |
| **OMNI NAVITAS HOLDINGS, LLC** | : |  |
|  | : | **JURY TRIAL DEMAND** |
| Defendants. | : |  |
|  | : |  |

Plaintiff Northeast Construction, Inc., ("Plaintiff" or "NCI"), by its undersigned attorneys, for their complaint against Defendant Omni Navitas Holdings, LLC ("Defendant" or "Omni") alleges as follows:

### Nature of the Action

1. This is an action for breach of contract, seeking payment for services rendered.

2. Defendant engaged NCI to provide certain engineering services to assist Defendant in developing, financing, and constructing solar photovoltaic electric generation facilities in New York, pursuant to a written Contract for Engineering Services (the "Contract").

3. NCI performed all services contemplated in the Contract, but Defendant failed to render payments due to NCI under the terms of the Contract.

### Parties

4. Plaintiff NCI is a well-established solar project construction and engineering consulting business, incorporated under the laws of Virginia with its principal place of business at 8747 Whitepine Road, Richmond, Virginia 23237.

5.     Defendant Omni Navitas Holdings, LLC is incorporated under the laws of Massachusetts, with its principal place of business at 75 Central Street, 3rd Floor, Boston, Massachusetts 02109.

6.     On information and belief, the principals of Omni Navitas Holdings, LLC are Krishn Anand, Gene McAuliffe, Jill Donahue, Michael Leahy and Robert Durant.

7.     On information and belief, Krishn Anand is a citizen of India.

8.     On information and belief, Gene McAuliffe is a citizen of Massachusetts.

9.     On information and belief, Jill Donahue is a citizen of Massachusetts.

10.     On information and belief, Michael Leahy is a citizen of Massachusetts.

11.     On information and belief, Robert Durant is a citizen of Massachusetts.

## Jurisdiction and Venue

12.     This dispute arises between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this court has diversity-of-citizenship jurisdiction over the subject matter of the dispute pursuant to 28 U.S.C. § 1332.

13.     The Contract signed by Plaintiff and Defendant contemplated the performance of services in the following New York counties: Herkimer County, Jefferson County, Lewis County, and St. Lawrence County.  NCI rendered services to Defendant, as per the terms of the Contract, in those same counties.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

15.     Defendant is subject to the personal jurisdiction of this Court because Defendant purposefully availed itself of the privilege of conducting business activities and contracting for the

supply of services within New York, and the claims in this action arise from those business activities and services supplied to Defendant within New York.  CPLR §§ 301 & 302(a)(1).

## The Contract

16.     On December 28, 2018, NCI and Omni executed a Contract for Engineering Services.  A copy of the Contract, including the Contract's sole exhibit, is attached hereto as Exhibit "A".

17.     The Contract concerned eleven solar photovoltaic electric generation facilities that Defendant sought to develop in Little Falls, Gouverneur, Dekalb, Manheim, and Pinckney, New York.  *See* Exhibit A to the Contract, § 1.

18.     NCI agreed in the Contract to draft and provide site plan and zoning code analysis, long form environmental assessment forms, conceptual site plan designs, property line and topographic survey plans, planning board permits, and other construction documents for eleven of Defendant's photovoltaic electric generation facilities in New York.  *See* Exhibit A to the Contract, § 2.

19.     In exchange for these services, Defendant agreed to pay NCI costs and fees in an amount not less than $519,000.25.  *See* Contract § II; Exhibit A to the Contract, § 3.

20.     The Contract specified that additional work performed by NCI would be billed to Defendant on an hourly basis, at the hourly rates in effect at the time of the services rendered.  *See* Exhibit A to the Contract, § 5.

21.     The Contract provided that NCI would bill Defendant for specified costs and fees as certain project-related benchmarks were achieved.  *See* Exhibit A to the Contract, § 5.

22.     Payments from Defendant were due 30 days from the date of any invoice submitted by NCI.  *See* Contract, § VIII; Exhibit A to the Contract, § 5.

23.     After 30 days, any unpaid amount on an invoice would be subject to a 1.5% monthly service charge.  *See* Contract, § VIII.

24.     For any amount unpaid after 90 days, NCI would be entitled to "all costs of collection, including reasonable attorney's fees."  *See* Contract, § VIII.

25.     The Contract is governed by New York law.  *See* Contract, § X.

<u>**NCI and Defendant Expand Scope of Work**</u>

26.     Between January and August 2019, NCI and Defendant signed a series of change orders (the "Change Orders") that expanded the scope of NCI's work beyond the eleven photovoltaic electric generation facilities discussed in the Contract.

27.     On January 18, 2019, NCI and Defendant executed a change order that contemplated work on five additional facilities, located in Sackets Harbour, Champion, Carthage, and Denmark, New York.  Defendant agreed to pay an additional $228,112.50 for this work.  A copy of the January 18, 2019 change order is attached hereto as Exhibit "B".

28.     On February 14, 2019, NCI and Defendant executed a change order that contemplated a reduction of NCI's work at the Barker Road facility located in Manheim, New York.  Defendant and NCI agreed that this would reduce the overall cost of NCI's work by $48,798.75.  A copy of the February 14, 2019 change order is attached hereto as Exhibit "C".

29.     On March 21, 2019, NCI and Defendant executed a change order that contemplated work on two additional facilities, located in Cape Vincent and Clayton, New York.  Defendant agreed to pay an additional $100,658.25 for this work.  A copy of the March 21, 2019 change order is attached hereto as Exhibit "D".

30.     On July 1, 2019, NCI and Defendant executed a change order that contemplated work on two additional facilities located along Little Bow Road in Gouverneur, New York.

4

Defendant agreed to pay an additional $91,438.00 for this work.  Additionally, this change order contemplated a reduction of NCI's work at the Peabody Road facilities located in Gouverneur, New York.  Defendant and NCI agreed that this would reduce the overall cost of NCI's work by $42,019.83.  A copy of the July 1, 2019 change order is attached hereto as Exhibit "E".

31.     On July 15, 2019, NCI and Defendant executed a change order that contemplated additional work on five facilities discussed in the Contract, located in DeKalb and Gouverneur, New York.  Defendant agreed to pay an additional $43,560.00 for this work.  A copy of the July 15, 2019 change order is attached hereto as Exhibit "F".

32.     On August 5, 2019, NCI and Defendant executed a change order that contemplated a reduction of NCI's work at the facilities located in Sackets Harbour and Pinckney, New York. Defendant and NCI agreed that this would reduce the overall cost of NCI's work by $86,436.50. The change order also contemplated additional work on four facilities located in Clayton, Manheim, Champion, and Gouverneur, New York.  Defendant agreed to pay an additional $23,870.00 for this work.  A copy of the August 5, 2019 change order is attached hereto as Exhibit "G".

33.     On August 19, 2019, NCI and Defendant executed a change order that contemplated additional work on a facility located in Clayton, New York.  Defendant agreed to pay an additional $9,406.95 for this work.  A copy of the August 19, 2019 change order is attached hereto as Exhibit "H".

34.     Altogether, the Contract and Change Orders required Defendant to pay NCI a sum total of $838,790.87 for all work at nineteen photovoltaic electric generation facilities.

## NCI's Full Performance Under the Contract

35.     Between December 2018 and December 2019, NCI performed all services and fulfilled all obligations contemplated by the Contract and Change Orders.

36.     For the Burt Road facility in Little Falls, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, building permit & site plan applications, final site plan, and topographic & boundary survey, among other documents.

37.     For the Peabody Road North facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, site assessment for wetlands, layout revision, site plan revision, building permit & site plan applications, final site plan, and topographic & boundary survey, among other documents.

38.     For the Peabody Road South facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, site assessment for wetlands, layout revision, site plan, site plan revision, building permit & site plan applications, and topographic & boundary survey, among other documents.

39.     For the Welch Road facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, building permit & site plan applications, topographic & boundary survey, wetlands delineation report, and wetlands maps, among other documents.

40.     For the Highway 11 facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, building permit & site plan applications, revised site plan, topographic & boundary survey, wetlands delineation report, and wetlands maps, among other documents.

41.     For the DeKalb 2536 facility in DeKalb, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, topographic & boundary survey, wetlands delineation report, wetlands maps, and subdivision maps, among other documents.

42.     For the DeKalb 2496 facility in DeKalb, New York, NCI drafted and provided to Defendant a layout revision, site plan, topographic & boundary survey, lease area plan, wetlands delineation report, wetlands maps, and subdivision maps, among other documents.

43.     For the Richville Highway 11 facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, building permit & site plan applications, topographic & boundary survey, final site plan, wetlands maps, and subdivision maps, among other documents.

44.     For the Barker Road facility in Manheim, New York, NCI drafted and provided to Defendant an environmental desktop review writeup.

45.     For the State Route 167 facility in Manheim, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, preliminary site plan, layout revision, zoning permit & special use applications, revised zoning permit & special use applications, topographic & boundary survey, revised site plan, response to comment letter, wetlands maps, and subdivision maps, among other documents.

46.     For the Copenhagen facility in Pinckney, New York, NCI drafted and provided to Defendant an environmental desktop review writeup.

47.     For the Hounsfield facility in Sackets Harbour, New York, NCI drafted and provided to Defendant an environmental desktop review writeup and conceptual site plan.

7

48.     For the facility designated 24658 in Champion, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, zoning permit & site plan applications, topographic & boundary survey, final site plan, wetlands maps, and subdivision maps, among other documents.

49.     For the facility designated 24757 in Champion, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, zoning permit & site plan applications, topographic & boundary survey, final site plan, wetlands maps, and subdivision maps, among other documents.

50.     For the facility designated Denmark South in Denmark, New York, NCI drafted and provided to Defendant a layout revision, zoning permit & site plan applications, topographic & boundary survey, final site plan, wetlands maps, subdivision maps, and legal descriptions, among other documents.

51.     For the facility designated Denmark North in Denmark, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, layout revision, zoning permit & site plan applications, topographic & boundary survey, final site plan, wetlands maps, subdivision maps, and legal descriptions, among other documents.

52.     For the facility in Clayton, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, special use permit & site plan review applications, topographic & boundary survey, final site plan, wetlands maps, subdivision maps, and legal descriptions, among other documents.

53.     For the Little Bow Road North facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, special use permit & site plan

review applications, topographic & boundary survey, final site plan, wetlands maps, subdivision maps, and legal descriptions, among other documents.

54.     For the Little Bow Road South facility in Gouverneur, New York, NCI drafted and provided to Defendant an environmental desktop review writeup, special use permit & site plan review applications, topographic & boundary survey, final site plan, wetlands maps, subdivision maps, and legal descriptions, among other documents.

55.     In addition to the above drafted documents, NCI provided Defendant with additional services for Defendant's photovoltaic electric generation facilities, including site visits, land record searches, boundary reconnaissance and other services.

**Defendant's Failure to Pay**

56.     In accordance with the Contract and Change Orders, NCI submitted invoices to Defendant on March 22, April 25, June 4, July 15, September 13, and December 1, 2019.

57.     Defendant paid the amounts due under the March 2019 and April 2019 invoices.

58.     Defendant made only partial payment on the June 2019 invoice, and failed to pay the remainder of the invoice within 30 days of submission of the invoice.

59.     Defendant made no payment for any of the amounts due under the July 2019, September 2019, and December 2019 invoices.

60.     Defendant has failed to pay a total principal amount of $368,073.38 from the June 2019, July 2019, September 2019, and December 2019 invoices.

61.     Defendant is obligated to pay a service charge of 1.5% on any outstanding amount due for more than 30 days.  *See* Contract, § VIII.

62.     As of February 2020, the amount of service charges owed by Defendant totals $23,561.22.

63.     In sum, Defendant owes $391,634.60, with interest, plus all costs of collection, including reasonable attorney's fees.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

64.     NCI realleges and incorporates paragraphs 1 through 63 as though fully set forth herein.

65.     The Contract for Engineering Services executed by NCI and Defendant constitutes a valid, binding, and enforceable contract.

66.     NCI performed all of its obligations under the terms of the Contract.

67.     As set forth above, Defendant breached the Contract by failing to render the specific payments due.

68.     NCI has suffered damages as a result of Defendant's breach of the Contract, including but not limited to $391,634.60 in payments due under the Contract, with interest, plus all costs of collection, including reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT (IN THE ALTERNATIVE)

69.     NCI realleges and incorporates paragraphs 1 through 63 as though fully set forth herein.

70.     NCI rendered valuable services to Defendant in connection with Defendant's efforts to develop, finance, and construct solar photovoltaic electric generation facilities in New York.

71.     Defendant has been enriched by the receipt of these specific services from NCI, at NCI's expense.

72.     Defendant has a duty and obligation to pay NCI for the services rendered.

73.     It is against equity and good conscience to permit Defendant to retain the value of the services rendered by NCI without making payment to NCI.

74.     NCI has suffered damages in an amount of not less than $391,634.60, with interest, plus all costs of collection, including reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
**QUANTUM MERUIT  (IN THE ALTERNATIVE)**

75.     NCI realleges and incorporates paragraphs 1 through 63 as though fully set forth herein.

76.     NCI rendered valuable services to Defendant in connection with Defendant's efforts to develop, finance, and construct solar photovoltaic electric generation facilities in New York.

77.     NCI rendered these services to Defendant in good faith, with the understanding that Defendant would pay NCI fees and costs associated with the services rendered.

78.     Defendant accepted all services from NCI.

79.     Defendant agreed to pay NCI its fees and costs associated with the services rendered.

80.     The reasonable value of the services rendered by NCI is an amount not less than $391,634.60 with interest, plus all costs of collection, including reasonable attorney's fees.

**<u>CLAIM FOR RELIEF</u>**

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows:

i.      For damages in an amount not less than $391,634.60, with interest, to be determined by a jury at trial;

ii.      For all costs of collection, including reasonable attorney's fees;

iii.     For such other further relief as the Court may deem just, proper, and in the interest of justice.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), NCI hereby demands a trial by jury of all issues so triable.

Dated: March 18, 2020                              **THOMPSON HINE LLP**

By: /s/Barry M. Kazan
Barry M. Kazan
355 Madison Avenue, 12th Floor
New York, NY 10017
Telephone: (212) 908-3921
Facsimile:  (212) 344-6101
Barry.Kazan@ThompsonHine.com

*Of Counsel:*
Gregory D. Chafee
(*pro hac vice to be sought*)
Jonathan M. Nussbaum
(*pro hac vice to be sought*)
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 541-2900
Facsimile:  (404) 541-2905
Gregory.Chafee@ThompsonHine.com
Jonathan.Nussbaum@ThompsonHine.com

*Attorneys for Plaintiff*
*Northeast Construction, Inc.*

# EXHIBIT A

## CONTRACT FOR ENGINEERING SERVICES
Contract #  20190028

Date: 12 / 28 / 2018

Northeast Construction, Inc. 8747 Whitepine Rd. Richmond, VA 23237 (NCI) hereinafter referred to as Contractor.

As requested by:     Omni Navitas Holdings, LLC 75 Central Street, 3rd Floor Boston, MA 02109 (Omni) hereinafter referred to as CLIENT.

I.     SCOPE of SERVICES:   The services to be provided shall be as indicated below:
   **See Exhibit A**

II.     FEE:  The fee for the above described services will be one or more of the following:
   [ X ]   Total sum of:
             Five Hundred Nineteen Thousand **$519,000.00**
   [  ]   Hourly basis plus expenses as per the attached SCHEDULE OF RATES &FEES.
   [  ]   Other
   [  ]   A retainer in the amount of $ will be required prior to the initiation of the above described services.  This retainer amount will be credited to the client in the final billing for the aforementioned services.

III.     SPECIAL CONDITIONS:  The following special conditions shall pertain:
   The Fee outlined above contains the full cost without markup of the engineering services provided by NCI in anticipation of the award by Omni Navitas to NCI of a future EPC. In the event that the anticipated EPC is not awarded to NCI there will be additional fees required to be paid by Omni to obtain the rights to uses the civil design furnished by NCI for construction. Fees include but not limited to Travel, Time, Materials, and OH/P fees of 20%.

IV.     FURNISHING OF DOCUMENTS:  The following quantity of drawings, estimates, and specifications are to be furnished by the Contractor:
   **See Exhibit A for scope of services.**

V.     ESTIMATED   COMPLETION   DATE:    The   estimated   completion   date   of   the aforementioned services is:
   **Work will begin upon execution of contract. Work is expected to take 12weeks dependent upon AJH.**

In the event that the Contractor is obstructed or delayed in the completion of said services by any act of the client or the client's agents or be any act beyond the control of the Contractor including, but not limited to, inclement weather, illness, strikes, failure of equipment, unanticipated degree of difficulty encountered in performing said services, or

delay created within or by approving agencies, then the time herein fixed for the completion of the services shall be extended for a period of time equivalent of the time lost by reason of any or all of the aforementioned causes.

VI.    TERMINATION:  This Agreement may be terminated by either party upon five (5) days written notice by mutual consent or in the event of persistent failures of performance of material terms and conditions of this Agreement by the other party through no fault of the terminating party.  The Contractor shall then be paid for the services completed up to the time of the termination date based upon the above described fees.

VII.   OWNERSHIP OF DOCUMENTS:  All documents, including original drawings, estimates, specifications, field notes and data are and shall remain the sole and exclusive property of the Contractor as instruments of service.  The client may, at his expense, obtain record prints of drawings, in consideration of which the client will use them solely in connection with the above described project and not for the purpose of making subsequent extensions or enlargements thereto.

VIII.  PAYMENT:    Unless otherwise specified in the Agreement, payment for the above described services shall be due upon receipt of billing.  In the event that said account is unpaid after the thirtieth day subsequent to the date of the billing, the client shall be subject to a monthly service charge of one and one-half percent (1 1/2%) on the then unpaid balance (18% true annual rate).  In the event that any portion of all this account remains unpaid ninety (90) days subsequent to the first billing date, the client shall pay all costs of collection including reasonable attorney's fees.

IX.    AMENDMENT of AGREEMENT:  This Agreement may be amended only in writing signed by the client and Contractor.

X.     APPLICABLE LAW:  Unless otherwise specified, this Agreement shall be governed by the laws of the State of New York.

XI.    LIMITATION OF LIABILITIES:  The client agrees to limit the Contractor's liability to the client and to all construction contractors and subcontractors on the project due to the Contractor negligent acts, errors, or omissions, such that the total aggregate liability of the Contractor's to all those named shall not exceed $40,000.00 or the Contractor's total fee for services rendered on this project, whichever is greater.

IN WITNESS WHEREOF, client and contractor and/or surveyor have executed this Agreement.

Signed:

Contractor  *Randall Williams, PM*
Date:
   *12/28/2018*

Client  JAMES MCAULIFFE, CEO
Date:
   *Dec. 27, 2018*

This offer for services, unless accepted, will expire on:

_____

Attachments:    Exhibit A Scope of work
                Exhibit B Schedule of Values
                Page 2 of 2

Omni Solar New York Project Portfolio
Exhibit A - Civil Engineering Scope of work

04 December 2018

## 1.   Project

Omni seeks to develop, finance and construct the solar photovoltaic electric generation facilities in New York (Portfolio Phase 2A):

| Number | Name | Municipality | Property Size | Project Area | Size (AC) |
|--------|------|--------------|---------------|--------------|-----------|
| 1 | Burt Road | Little Falls | ± 53 Acres | ± 35 Acres | 3MW |
| 2 | Peabody Rd N | Gouverneur | ± 169 Acres | ± 20 Acres | 5MW |
| 3 | Peabody Rd S | Gouverneur | ± 169 Acres | ± 15 Acres | 3MW |
| 4 | Welch Rd | Gouverneur | ± 119 Acres | ± 20 Acres | 5MW |
| 5 | Hwy 11 | Gouverneur | ± 59 Acres | ± 20 Acres | 4MW |
| 6 | Dekalb 2536 | Dekalb | ± 84 Acres | ± 30 Acres | 5MW |
| 7 | Dekalb2496 | Dekalb | ± 84 Acres | ± 15 Acres | 3MW |
| 8 | Richville Hwy 11 | Gouverneur | ± 164 Acres | ± 30 Acres | 5MW |
| 9 | Barker Rd. | Manheim | ± 98 Acres | ± 20 Acres | 5MW |
| 10 | State Route 167 | Manheim | ± 78 Acres | ± 20 Acres | 5MW |
| 11 | Copenhagen | Pinckney | ± 81 Acres | ± 20 Acres | 5MW |

These systems will interconnect with the utility at a point determined by Omni. This proposal assumes that Omni has completed site control, is responsible for all financing, utility interconnection studies and agreements.

## 2.   General Scope

We propose to provide the below services for both projects:

1. <u>Site Plan/Zoning Code Analysis & Draft Long Form Environmental Assessment Form (EAF)</u> - We will review the Site Plan and Zoning Codes for the Town and to determine a feasible permitting path for the project.  The purpose of this task is to identify those tasks and permits that are stated as being required for the project. *Regarding the Cairo Site, we will investigate, to the extent feasible, the potential involvement of the Town of Greenville.* The draft EAF will help to identify any non-obvious site issues that arise during the permitting process, such as endangered species, archeological issues, etc.  Our deliverable will be a summary of the permitting requirements as discernable from the codes and a potential roadmap for permitting of the project.

2. <u>Conceptual Site Plan Design for Planning Board Application</u>
   a.  Title page, general notes

1

# Omni Solar New York Project Portfolio
# Exhibit A - Civil Engineering Scope of work

    b. Conceptual solar array layout has been provided by Omni; NCi, to develop into layout to meet desired MWAC to the best extent possible.

    c. Base mapping either provided by others or developed using state resources available. i.e. deeds, LIDAR, GIS, and Orthoimagery.

    d. NCI will provide the Conceptual Solar array design upon completion of the base information.

    e. Layout, materials and utilities plan in accordance with zoning by-laws and interconnection designs.

    f. Areas needing grading will be identified on plan as shaded areas only. Proposed grading and contours will not be provided, grading assumed to be minimized.

    g. Storm drainage design intent and areas identified on plan as shaded areas only.

    h. Sedimentation and erosion control design intent shown on plan.

    i. Environmental constraints such as wetlands, water features, heritage sites, habitats, archaeologically sensitive areas, etc. as provided by state mapper resources.

    j. Production and transfer of CAD files

Our deliverable will be a plan set suitable for initial submission to Town Planning Board/*Zoning Board (as applicable AHJ's)* and associated application forms.

3. Property Line and Topographic Survey Plans

    a. Prepare Boundary Survey Plan, providing customary research, field work and map preparation. The Boundary Survey Map will be suitable for customary land use and subsequent construction activities and certifications.

    b. Prepare topographic plan with one (1)- foot contours based on NGVD 1988 and identify the method of data collection, either by aerial survey or on the ground methodologies.

    c. Provide survey plans signed and stamped by a Professional Land Surveyor (PLS).

    d. Denote location of soil test pits (if any), utility poles, utilities,

    e. Include location of abutting streets and all utilities with inverts and diameters at the intersection of the solar access road and public right of way.

Our deliverable will be a base map suitable for design and customary permitting.

4. Planning Board Permitting

    a. Based on the Conceptual Plan, develop and submit a complete package for Site Plan and/or Special Use Permit submission.

    b. The application package will include the following:

        i. Site Plan Design

            1. Title page, general notes.

            2. Solar array layout.

Omni Solar New York Project Portfolio
Exhibit A - Civil Engineering Scope of work

3. Layout, materials and utilities plan in accordance with zoning by-laws.
4. Grading design plan and stormwater mitigation, minimizing cut and fill.
5. Storm drainage design and details
6. Drainage analysis supporting calculations and report summary conforming to local, State and Federal requirements (SWPPP)
7. Sedimentation and erosion control design and supporting notes.
8. Supporting civil and environmental details and notes
9. Production and transfer of CAD files
10. Landscape/Screening Plan per Town code

c. Environmental Services/SEQR

i. Preparation of a Full Environmental Assessment Form (EAF) and supporting documentation for the Municipality's use in completing the State Environmental Quality Review (SEQR) process (draft completed as part of Task 1 and finalized based on site plan design). It is anticipated that the project will progress as a Type I Action and will require a coordinated review by the Lead Agency. This scope assumes that both the Lead Agency will make a Negative Declaration and no Draft or Final Environmental Impact Statement (EIS) will be required. EIS preparation can be provided as an additional service.

ii. Desktop Natural Resources and Site Reviews. Collect background information including topographic maps, wetland maps, soils survey maps and descriptions, stream classification maps, floodplain maps, aerial photographs, etc., to identify potential natural resource conflicts. During this phase of the project NCI will also contact the New York State Natural Heritage Program and the U.S. Fish and Wildlife Service's IPaC website to identify rare, threatened, and endangered species on site or in the vicinity of the site. NCI will participate in site visits with the project team and ground truth wetlands/waters of the U.S. identified during the desktop review and identify wetlands/waters of the U.S. not previously identified. A brief letter report will be prepared detailing the results of the desktop review, site visit, and rare, threatened, and endangered species.

iii. SHPO Contact. Contact the New York State Office of Parks, Recreation, and Historic Preservation, State Historic Preservation Office (SHPO) after the site visit. NCI will submit the required information for SHPO to make a determination on whether there will be "No Effect" on cultural and/or historical resources.

a Note that if SHPO determines further studies (Phase 1A and Phase 1B studies) are needed, a certified archaeologist will need

Omni Solar New York Project Portfolio
Exhibit A - Civil Engineering Scope of work

to be obtained, which will be considered as additional services and will, therefore, need to be negotiated.

    d.    Municipal Review and Permitting

        i.    Preparation of a Hydrology Study and/or Stormwater Pollution Prevention Plan (SWPPP) as required by the Municipal Site Plan review process and the NYS SPDES General Permit for Construction Activities (GP-015-002). If applicable, assist the Owner in submitting a Notice of Intent (NOI) to secure GP-15-002 coverage.

        ii.    Review and coordination of the site plan with the local Highway Department or Department of Transportation (DOT) having jurisdiction for the purpose of obtaining the necessary curb cut permissions.

        iii.    If necessary, prepare and submit a Joint Application for Permit (JPA) to the U.S. Army Corps of Engineers (USACE) and/or NY State Department of Environmental Conservation (NYSDEC) for wetlands and/or stream disturbance (as applicable). If required, formally request a Preliminary Jurisdictional Determination from the USACE. Answer agency questions to facilitate their review.

        iv.    Response to one municipal board and peer review comment letter

5.  Project Management/ Meetings

    a.    Site visit to assess initial site layout prior to design.

    b.    Presence/representation at Municipal Board and Site Plan Review meeting(s). It is anticipated that the review process will consist of five (5) scheduled meetings. If more meetings are necessary, they will require additional compensation on an hourly basis.

    c.    This assumes that the Site Plan review and Special Use Permit are conducted concurrently.

    d.    Project management and coordination, including preparing weekly updates.

6.  Construction Documents

    a.  Utilize the Site Plan as a base plan and develop plans suitable for construction Provide PV site plan including:

        i.  panel and equipment layout incorporating the racking manufacturers' design

        ii.  conduit and cable tray layout iii. site utilities

        iv.   fencing, setbacks, and easements

        v.   equipment pad and transformer location

        vi.   contour lines for elevation

Omni Solar New York Project Portfolio
Exhibit A - Civil Engineering Scope of work

      vii.  interconnection area plan including new and existing pole and locations, switchgear layout, and all equipment and schedules required by the utility

      viii.  trench layout

  b.  Details for construction clarification Including stormwater management solutions.

  c.  Geometric layout of solar array, perimeter only (not individual post layout); Provide dimensions and setbacks of fencing, access drives and solar equipment. Provide four (4) control points on plans for Construction layout.

  d.  Production of CAD drawings and coordination.

  e.  Construction notes including general and electrical legend and notes

  f.  Erosion and sediment control plans and details

  g.  Our deliverable will be NYS PE Stamped drawings.

## 3.  Scope Summary/Costs

Our anticipated costs and associated summary of scope for each project are as follows:

| Omni NY Phase 2A Tasks |
|---|
| 1.  Code Analysis and Draft EAF |
| 2.  Conceptual Site Plan<br><br>Meeting with Omni to review project concept<br><br>Site visit<br><br>Desktop Natural Resources and Site Reviews<br><br>SHPO Contact<br><br>Topo information and water drainage patterns |
| 3. Survey – Boundary and Topographic (1 ft) |
| 4.  Developing Base Map from survey data |
| 5.  Planning Board Permitting<br><br>Site Plan & Final EAF<br><br>Hydrology Study and/or SWPPP, NYS SPDES General Permit for Construction Activities/Notice of Intent |

# Omni Solar New York Project Portfolio
# Exhibit A - Civil Engineering Scope of work

**Joint Application for Permit to USACE and NYSDEC for wetlands and stream disturbance (as applicable)**

**Formal request of Preliminary Jurisdiction Determination from USACE SHPO Contact**

**Review site plan with Highway Department/DOT for curb cut permissions**

6. **Project Management/ Meetings [Budget a total of 5 meetings with AHJ and 4 site meetings]**

7. **Construction Documents**

| Number | Name | Municipality | Property Size | Project Area | Size (AC) | Total |
|--------|------|--------------|---------------|--------------|-----------|-------|
| 1 | Burt Road | Little Falls | ± 53 Acres | ± 35 Acres | 3MW | $46,650.75 |
| 2 | Peabody Rd N | Gouverneur | ± 169 Acres | ± 20 Acres | 5MW | $44,178.75 |
| 3 | Peabody Rd S | Gouverneur | ± 169 Acres | ± 15 Acres | 3MW | $42,215.25 |
| 4 | Welch Rd | Gouverneur | ± 119 Acres | ± 20 Acres | 5MW | $48,279 |
| 5 | Hwy 11 | Gouverneur | ± 59 Acres | ± 20 Acres | 4MW | $48,279 |
| 6 | Dekalb 2536 | Dekalb | ± 84 Acres | ± 30 Acres | 5MW | $47,817 |
| 7 | Dekalb2496 | Dekalb | ± 84 Acres | ± 15 Acres | 3MW | $45,969 |
| 8 | Richville Hwy 11 | Gouverneur | ± 164 Acres | ± 30 Acres | 5MW | $50,428.5 |
| 9 | Barker Rd. | Manheim | ± 98 Acres | ± 20 Acres | 5MW | $48,798.75 |
| 10 | State Route 167 | Manheim | ± 78 Acres | ± 20 Acres | 5MW | $48,798.75 |
| 11 | Copenhagen | Pinckney | ± 81 Acres | ± 20 Acres | 5MW | $47,586 |
| | | | | | **Total** | **$519,000.25** |

## 4.  Assumptions and Exclusions

Assumptions included in the preparation of this proposal are as follows:

a. *We have done our best to develop this scope of work to meet the needs of the project based on what is knowable at this time. Our costs above are based on completing the work in accordance with customary engineering standards. Included in our costs are the responses to one set of comment letters or requests from the Town based upon the initial submission. Any additional comments or requests will be considered beyond the scope of this proposal*

Omni Solar New York Project Portfolio
Exhibit A - Civil Engineering Scope of work

b. *All major equipment component specifications shall be provided by NCI, ie inverters, panels, rack systems and communication/ monitoring systems, with the exception of the modules spec'ed by Omni.*

c. *Decommissioning plans, O&M plans, Vegetation Management Plans ect. As they relate to post construction operations to be provided by Omni*

d. *Any other study, evaluation or plan required by any permitting agency, including the Planning and Zoning Boards including; wetland delineation and permitting, wildlife management plans, noise analysis, archaeological, traffic, curb cuts and entrance plans and permits, endangered species, floodplains, etc. will be extra scope items and are not included in the prices provided.*

e. *Application, escrow and filing fees will be paid by the client.*

f. *Surveying construction layouts, and as-built survey plans of improvements are outside this scope.*

g. *Changes to layout from the initial approved design layout will be considered outside scope, and can be accommodated on an hourly basis after receipt of a notice to proceed.*

h. *This proposal assumes that any variances that will be needed will be achieved through the five meeting allocation and any time requirements beyond that will be outside of this scope.*

i. *Our scope excludes any work to obtain approvals for utility connection and PILOT.*

j. *Geotechnical Investigation and Analysis: For budgeting purposes and information, the following costs can be considered as additional for providing said services as may be requested:*
   1 *Test Pits (assumed eight total at 8 ft. depths) for a lump sum of $4,750*
   2 *Soil testing (assumed for each of the eight test pit locations) for a lump sum of $2,500*
      a *The intent is to give soil parameters for each soil layer at the site.*

k. *Archeological investigations or reports (Phase 1A, 1B, 2, etc.) as may be required by New York State.*
   1 *If SHPO determines further phase studies are needed, a certified archaeologist will need to be obtained/hired. Services of an archaeologist will be considered as additional services and will, therefore, need to be negotiated.*

l. *The Developer has done sufficient due diligence that this site is appropriate for the use proposed. If the site is determined to be unsuitable for any reason during the design process NCI will be compensated for all costs incurred up to that point.*

m. *Wetland delineations and report is not included in this scope*

n. *Rare, threatened, and endangered species study is not included in this scope*

Omni Solar New York Project Portfolio
Exhibit A - Civil Engineering Scope of work

## 5.   Terms

We will bill as follows, with all payment due 30 days from the invoice date.

- 50% of the total project cost upon completion of the application materials for the Conceptual Site Plan review (Survey work will likely be included in this 50% phase, but could be included in 90%).
- 90% of the total project cost upon responding to a comment letter from the board and/ or their consultants and delivery of permit-ready SWPPP.
- 100% of the total project upon approvals by the Town and Construction Drawing completion (civil only).

Billing Rates / Additional Services

All work performed on an hourly basis or beyond the scope of work described herein and not identified within the agreement will be performed as an additional service at the hourly rates in effect at the time services are rendered.  For work contracted on an NTE amount, should this cap be reached it shall be communicated to the Client and no further work performed or billed unless authorized.

Use and Ownership of NCI's Documentation

The drawings, specifications and other documents, including those in electronic format, as prepared by NCI and NCI's Contractors and Engineers are instruments of the professional service rendered for use solely with respect to this project and unless otherwise provided, NCI and or their Engineers shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright. The Client shall be permitted to retain copies of documents for reference and information in connection with the Client's use and occupancy of the project. Reuse of any of the instruments of service by the Client, on extensions of this Project or any other project is not allowed.

If Ownership of such documents is to transfer to the Client at the completion of the work, the Client agrees to hold harmless, indemnify and defend NCI against all damages, claims, losses, including attorney fees and other defense costs arising out of any reuse of said plans and specifications.

# EXHIBIT B



**Northeast Construction, Inc.**
8747 Whitepine Road
Richmond VA 23237
804 271-7711
License: 2705 045120A

# Change Order

Order#:  1

Order Date: 01/18/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

Plans Attached ☐

**Requested By:**

Specifications Attached ☐

| Description of Work | Amount |
|---|---|
| Sackets Harbour | 47,932.50 |
| Champion East | 45,045.00 |
| Carthage West | 45,045.00 |
| Denmark South | 45,045.00 |
| Denmark North | 45,045.00 |

Negative changes will lower the overall contract
price requiring no additional payment by owner.

| **Requested Amount of Change** | **228,112.50** |
|---|---|

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 0.00 |
| The Contract Sum prior to this Change Order | 519,000.00 |
| The Contract Sum will be changed by this Change Order | 228,112.50 |
| The new Contract Sum including this Change Order will be | 747,112.50 |
| The Contract Time will be changed by | 0   Days |

Owner: _James M Auliffe_    Date: 1/28/19

Contractor: _____    Date: 2/4/19

# ESTIMATE FOR CHANGE ORDER

GC-1 ____

DGS-30-204
(Rev. 09/04)

**Project Code:** N/A
**Agency:** N/A
**Project:** Upstate NY Phase II

**Owner:** Omni Navitas
**Contractor:** Northeast Construction
**Contractor Trade:** Civil Design, Permitting

**Change Description:**

Additional Site is Upstate NY Phase II portfolio

## CONTRACTOR DIRECT COSTS

### Scope Description

| Item No. | Description | Quantity | Qty Units | Direct Labor Hours Per Unit | Total Direct Labor Labor Hours | Hourly Wage Rate, Excl. Taxes & Ins. | Total Labor Cost | Material Cost Per Unit | Total Material Cost | Equipment Cost Per Unit | Total Equipment Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F = C x E | G | H = F x G | I | J = C x I | K | L = C x K |
| 1.01 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.02 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.03 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.04 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.05 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.06 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.07 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.08 | | | | | 0.00 | | $0.00 | | $0.00 | | $0.00 |
| 1.09 | Subtotal from Estimate Continuation Sheets | | | | | | $0.00 | | $0.00 | | $0.00 |
| 1.97 | Subtotal (S/T) Direct Costs: | | | | | Subtotal Labor | $0.00 | Subtotal Mat'l | $0.00 | Subtotal Equip. | $0.00 |
| 1.98 | Taxes/Insurance: FICA, FUI, SUI, & Workmens' Comp. at | | 31.00% | | | % of Item 1.97H | $0.00 | Sales Tax @ 5.3% | $0.00 | Sales Tax @ 5.3% | $0.00 |
| 1.99 | Total Direct Costs | | | | | Total Labor | $0.00 | Total Mat'l | $0.00 | Total Equip. | $0.00 |

Direct Labor | Direct Material | Direct Equipment

## SUMMARY

| Item No. | Description | | Total Cost |
|---|---|---|---|
| A | B | | C |
| 3.01 | Total Direct Labor Cost | Item 1.99H | $0.00 |
| 3.02 | Total Direct Material Cost | Item 1.99J | $0.00 |
| 3.03 | Total Equipment Cost | Item 1.99L | $0.00 |
| 3.04 | Sub-Subcontract Cost | Item 2.99 | $228,112.50 |
| 3.05 | Subtotal | 3.01+3.02+3.03+3.04 | $228,112.50 |
| 3.06 | Overhead and Profit: | 0% x Item 3.05 | $0.00 |
| 3.07 | Total Subcontractor Cost | 3.05+3.06 | $228,112.50 |
| 3.99 | S/C Cost Report'd to GC | 3.06+3.07 | $228,112.50 |

## SUBCONTRACT COSTS

| Item No. | Subcontractor Name (List totals from attached SS-1 forms) | Total Cost |
|---|---|---|
| A | B | C |
| 2.01 | Sackets Harbour | $47,932.50 |
| 2.02 | Champion East | $45,045.00 |
| 2.03 | Carthage West | $46,045.00 |
| 2.04 | Denmark South | $46,045.00 |
| 2.05 | Denmark North | $45,045.00 |
| 2.06 | | |
| 2.99 | Total Sub-Subcontract Costs | $228,112.50 |

**Submitted By**

Name: Randall Williams

Signature: _____

Title: Project Manager

Date: 11/17/2019

# EXHIBIT C



**Northeast Construction, Inc.**
8747 Whitepine Road
Richmond VA 23237
804 271-7711

License: 2705 045120A

# Change Order

Order#:  2

Order Date: 02/14/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

| The contractor agrees to perform and the owner agrees to pay for the following changes to this contract | | Plans Attached ☐ |
|---|---|---|
| **Ordered By:** | **Customer Order:** | Specifications Attached ☐ |

| **Description of Work** | **Amount** |
|---|---|
| Baker Rd., Manheim | -48,798.75 |

| Negative changes will lower the overall contract price requiring no additional payment by owner. | **Approved Amount of Change** | **-48,798.75** |
|---|---|---|

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 228,112.50 |
| The Contract Sum prior to this Change Order | 747,112.50 |
| The Contract Sum will be changed by this Change Order | -48,798.75 |
| The new Contract Sum including this Change Order will be | 698,313.75 |
| The Contract Time will be changed by | 0    Days |

| Approved | Date _____ | | |
|---|---|---|---|
| Contractor _____ | Owner *James M. Auliffe* | Date **3/11/19** | |

# EXHIBIT D

 Northeast Construction, Inc.
8747 Whitepine Road
Richmond VA 23237
804 271-7711
License:  2705 045120A

# Change Order

Order#:  3

Order Date: 03/21/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

Plans Attached ☐

**Requested By:** 89 Randall Williams

Specifications Attached ☐

| Description of Work | | Amount |
|---|---|---|
| Cape Vincent | | 49,318.50 |
| Clayton | | 51,339.75 |

Negative changes will lower the overall contract
price requiring no additional payment by owner.

**Requested Amount of Change**   **100,658.25**

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 228,112.50 |
| The Contract Sum prior to this Change Order | 747,112.50 |
| The Contract Sum will be changed by this Change Order | 100,658.25 |
| The new Contract Sum including this Change Order will be | 847,770.75 |
| The Contract Time will be changed by | 30   Days |

Owner: _Jamis M'Culiffe_   Date: _3/25/19_

Contractor: _____   Date: _3/21/19_

# EXHIBIT E

 **Northeast Construction, Inc.**
8747 Whitepine Road
Richmond VA 23237
804 271-7711
License:  2705 045120A

# Change Order

Order#:   4

Order Date: 07/01/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

**Requested By:** 89 Randall Williams

Plans Attached ☐

Specifications Attached ☐

### Description of Work

| | Amount |
|---|---|
| Little Bow Rd | 45,969.00 |
| Peabody Rd. N | -21,487.04 |
| Peabody Rd. S | -20,532.79 |
| Little Bow Rd. South | 45,469.00 |

Negative changes will lower the overall contract price requiring no additional payment by owner.

| **Requested Amount of Change** | 49,418.17 |
|---|---|

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 279,972.00 |
| The Contract Sum prior to this Change Order | 798,972.00 |
| The Contract Sum will be changed by this Change Order | 49,418.17 |
| The new Contract Sum including this Change Order will be | 848,390.17 |
| The Contract Time will be changed by | 0   Days |

Owner:  *James Mc Auliffe*                 Date: 8/1/19

Contractor:                 Date: 8/1/19

# EXHIBIT F



**Northeast Construction, Inc.**
8747 Whitepine Road
Richmond VA 23237
804 271-7711
License:  2705 045120A

# Change Order

Order#:  5

Order Date: 07/15/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

Plans Attached ☐

**Requested By:** 89 Randall Williams

Specifications Attached ☐

| Description of Work | Amount |
|---|---|
| 2536 Co Route 17 | 10,648.00 |
| 2496 Co Route 17 | 10,648.00 |
| 1645 US Route 11 | 9,438.00 |
| 2700 US Route 11 | 11,132.00 |
| 88 Welch Road | 1,694.00 |

**Notes**

TASK 1. Field Delineation of Wetland and Waters Boundaries – Wetland/Waters boundaries on the site will be physically flagged in the field with surveyor's ribbon using the wetlands identification criteria outlined in the US Amy Corps of Engineers (Corps) 1987 Federal Manual and the 2012 Regional Supplement to the Corps of Engineers Wetland Delineation Manual: Northcentral and Northeast Region, and the New York State Department of Environmental Conservation (NYSDEC) Freshwater Wetlands Manual. TES will use GPS to locate wetland boundary flags and provide the post processed data to your surveyor. TES will require the projection and datum that the surveyor wants the data. Transects will be established perpendicular to the wetlands boundaries, and sample plot data will be collected to prove the boundary. Sample plots will also be established at other locations throughout the site. Data on vegetation, soils, and hydrology will be collected at each plot according to the Federal Manual. Photographs will also be taken at this time.

| Negative changes will lower the overall contract price requiring no additional payment by owner. | **Requested Amount of Change** | **43,560.00** |
|---|---|---|

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 279,972.00 |
| The Contract Sum prior to this Change Order | 798,972.00 |
| The Contract Sum will be changed by this Change Order | 43,560.00 |
| The new Contract Sum including this Change Order will be | 842,532.00 |
| The Contract Time will be changed by | 0   Days |

Owner: _____   Date: 7/18/19

Contractor: _____   Date: _____

| Change Order | Order: 5 |
|---|---|
| Continued... | Date: 07/15/2019 |

| **Description of Work** | **Amount** |
|---|---|

TASK 2. Baseline Wetland Delineation Letter Report – TES will prepare a baseline wetland delineation letter report fashioned after agency requirements. This report will contain sections describing all wetlands and water resources found on the site. The report will include: an introduction, site ecology, wetlands descriptions, and a summary of our findings. Various figures (including the survey map of the wetlands provided by your surveyor), wetland data sheets, and photographs will be included. TES will complete the baseline report within 2 weeks after we receive the final wetland survey map.

TASK 3. Agency Site Visit – If requested by the Corps and the NYSDEC, TES will coordinate and lead a single site visit with the agencies, if required.

# EXHIBIT G



**Northeast Construction, Inc.**
8747 Whitepine Road
Richmond VA 23237
804 271-7711
License: 2705 045120A

# Change Order

Order#:  6

Order Date: 08/05/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

Plans Attached ☐

**Requested By:** 89 Randall Williams

Specifications Attached ☐

| Description of Work | Amount |
|---|---|
| Copenhagen | -43,524.00 |
| Sackets Harbour/Hounsfield | -42,912.50 |
| | |
| ALTA Survey Champion (both sites) | 6,847.50 |
| ALTA Survey Little Bow Rd. (both sites) | 6,847.50 |
| ALTA Survey Clayton | 5,087.50 |
| ALTA Survey Manheim | 5,087.50 |

Negative changes will lower the overall contract
price requiring no additional payment by owner.

| **Requested Amount of Change** | **-62,566.50** |
|---|---|

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 329,390.17 |
| The Contract Sum prior to this Change Order | 848,390.17 |
| The Contract Sum will be changed by this Change Order | -62,566.50 |
| The new Contract Sum including this Change Order will be | 785,823.67 |
| The Contract Time will be changed by | 0   Days |

Owner: *James M Auliffe*   Date: 8/8/19

Contractor: _____   Date: 8/9/19

# EXHIBIT H



**Northeast Construction, Inc.**
8747 Whitepine Road
Richmond VA 23237
804 271-7711
License:  2705 045120A

# Change Order

Order#:  7

Order Date: 08/19/2019

**To:** Omni Navitas Holdings, LLC
75 Central Street, 3rd. Floor
Boston MA 02109

**Project:** 20190028
NY Solar Civil Design #2
75 Central Street, 3rd. Floor
Boston MA 02109

Plans Attached ☐

**Requested By:** 252 Brandon Kemp

Specifications Attached ☐

| Description of Work | Amount |
|---|---|
| ACE Archeological Study | 9,406.95 |

Negative changes will lower the overall contract price requiring no additional payment by owner.

**Requested Amount of Change** | 9,406.95

| | |
|---|---|
| The original Contract Sum was | 519,000.00 |
| Net change by previous Change Orders | 266,823.67 |
| The Contract Sum prior to this Change Order | 785,823.67 |
| The Contract Sum will be changed by this Change Order | 9,406.95 |
| The new Contract Sum including this Change Order will be | 795,230.62 |
| The Contract Time will be changed by | 0   Days |

Owner: _James M Auliffe_    Date: 8/19/19

Contractor: _____    Date: 8/20/19